OPINION
PER CURIAM.
Petitioner Jair Izquierdo petitions for review of a decision rendered by the Board of Immigration Appeals on June 25, 2008. For the reasons that follow, we will deny the petition for review.
I. Background
Izquierdo is a native and citizen of Peru. He identifies himself as homosexual. He entered the United States as a nonimmigrant visitor in October 2001, stayed longer than permitted, and was served with a notice to appear in June 2006. Izquierdo conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”), claiming he suffered past perse *683 eution and fears future persecution in Peru on account of his sexual orientation.
On October 16, 2006, after a hearing, the IJ issued an oral decision. He held that Izquierdo was not eligible for asylum because he applied more than one year after arriving in the United States. The IJ also held that Izquierdo failed to meet his burden of proof to establish eligibility for withholding of removal or protection under the CAT. He therefore denied Izquierdo’s applications.
Izquierdo appealed to the BIA, challenging the denial of asylum and withholding of removal.[1] The BIA affirmed the IJ’s decision and dismissed the appeal on June 25, 2008. This timely petition for review followed.
II. Analysis
Izquierdo challenges the denial of withholding of removal.[2] To qualify for relief, Izquierdo bore the burden of demonstrating a “clear probability” of future persecution, by showing “it is more likely than not” that he would be persecuted if he were to return to Peru. See INA § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A) ]; INS v. Cardoza-Fonseca, 480 U.S. 421, 449-50, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). This Court reviews the determination under the deferential substantial evidence standard. Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir.2004). Thus, “[t]o reverse the BIA finding we must find that the evidence not only supports that conclusion [that Izquierdo would more likely than not suffer persecution], but compels it.” INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
A.
Izquierdo attempted to prove that he suffered past persecution in Peru and, as a result, is entitled to a rebuttable presumption that he would also face future persecution. See Lukwago v. Ashcroft, 329 F.3d 157, 174 (3d Cir.2003). “To establish eligibility for asylum on the basis of past persecution, an applicant must show: (1) an incident, or incidents that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces a government is either unable or unwilling to control.” Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir.2003).
Izquierdo testified to an unfortunate history of sexual abuse, which he suffered at the hands of his cousin when Izquierdo was a child between the ages of 8 and 14.[3] Izquierdo testified that the abuse concluded in 1990, but that he waited to report the abuse to the police until years later, in *684 1999 or 2000. The BIA found that the police took Izquierdo’s abuse report, but Izquierdo failed to follow up on or assist with the investigation.[4] Accordingly, the BIA held that Izquierdo failed to establish that the government was unable or unwilling to protect him from the sexual abuse. See Abdulrahman, 330 F.3d at 592.
Izquierdo bore the burden of demonstrating in some manner that the police would have been unable or unwilling to protect him at the time the abuse occurred. See, e.g., Fiadjoe v. Atb’y Gen., 411 F.3d 135, 161 (3d Cir.2005) (citing extensive record evidence showing that government would have been unwilling to protect sexually enslaved girl even had the abuse been reported). Izquierdo contends he met this burden by demonstrating that country conditions were such that it would have been futile to involve the police.[5] In support, he cites evidence of country conditions in Peru, including reports from 2003 and 2005 of police involvement in and indifference to incidents of mistreatment of gay people. However, this evidence concerns events more than a decade after Izquierdo’s alleged abuse concluded. Izquierdo presented no evidence of conditions in Peru prior to 1990 and, as a result, nothing appears in the record regarding whether or not it would have been futile for Izquierdo to seek police assistance at that time.
Izquierdo attempts to sidestep this problem by contending that his documents demonstrate that persecution “persisted well after the abuse of Petitioner by his cousin.... ” However, he provides no evidentiary basis for the proposition that the conditions for gay people in Peru in 2003 and 2005 were the same as the conditions that existed prior to 1990. Izquierdo bore the burden to establish his eligibility for relief. See Mulanga v. Ashcroft, 349 F.3d 123, 133 (3d Cir.2003). The BIA concluded that he failed to meet that burden, and Izquierdo has not demonstrated that the evidence he presented compels a contrary conclusion.[6] See Elias-Zacarias, 502 U.S. at 481 n. 1, 112 S.Ct. 812.
B.
Izquierdo’s remaining claims are closely related, and all concern his effort to establish a “pattern or practice” of persecution of gay men in Peru. See 8 C.F.R. §§ 1208.13(b) (2) (iii) (A), 1208.16(b)(2)(i). To meet his burden, Izquierdo was re *685 quired to present objective evidence demonstrating that persecution is “systemic, pervasive, or organized.” See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir.2005). In cases where, as here, “the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ’s decision, [this Court has] authority to review the decisions of both the IJ and the BIA.” Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We review the rejection of Izquierdo’s claim under the substantial evidence standard. Chen, 376 F.3d at 223.
In his oral decision, the IJ erroneously concluded that, as a matter of law, he lacked authority to find a pattern or practice of persecution of gay men in Peru because there was no existing statute or appellate court decision squarely addressing the issue. The BIA correctly recognized that the IJ erred, and that the regulations permitted Izquierdo to attempt to present evidence establishing a pattern or practice of persecution. However, the BIA concluded that the IJ’s error was harmless because Izquierdo failed to meet his burden of proof under the correct standard.
Izquierdo claims that the IJ “implicitly found that there was sufficient evidence” to establish a pattern or practice of persecution, and the BIA wrongfully set aside the IJ’s findings of fact and substituted its own to conclude that no pattern or practice of persecution exists. We disagree. Although the IJ acknowledged evidence of serious problems concerning the treatment of gay men in Peru, see A.R. 69, he did not determine as a matter of law whether such treatment is “systematic, pervasive, or organized,” as required to constitute a pattern or practice of persecution. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir.2005). The BIA concluded that the IJ’s factfinding was not clearly erroneous, see BIA Decision, A.R. 4, and then appropriately applied the correct legal standard to those facts. See 8 C.F.R. § 1003.1(d)(3)(h) (the BIA may review questions of law de novo).
Izquierdo next contends that the BIA failed to consider all of his pattern or practice evidence, and as a result, reversal is warranted. However, the record reflects that the BIA considered Izquierdo’s evidence. For instance, Izquierdo claims that the BIA ignored a 2005 report from the Canadian Immigration and Refugee Board stating that gay people in Peru faced “extensive discrimination” and that homosexuality was “taboo.” However, the BIA expressly cited that same report for support that conditions for homosexual people in Peru are improving. See A.R. 4. Moreover, although we require the BIA to demonstrate an understanding of the petitioner’s claims and a review of the evidentiary record, see Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir.2002), we do not demand a mechanical and rigid accounting of every piece of evidence. Here, the BIA’s decision reveals that it adequately reviewed the record and considered Izquierdo’s claims.
In addition, because Izquierdo presented records that were out of date — some by more than a decade — and therefore not reflective of current country conditions in Peru, the BIA also took administrative notice of a recent 2007 State Department report. Izquierdo objects, contending that it was error to consider the report, and that the BIA should have allowed him the opportunity to rebut its contents. Again, we disagree. The BIA is permitted to take administrative notice of certain facts within its area of expertise, see 8 C.F.R. § 1003.1(d)(3)(iv); Zubeda v. Ashcroft, 333 F.3d 463, 479 (3d Cir.2003), including State Department Country reports. See 67 Fed.Reg. 54878, 54892-3 (Aug. 27, 2002) (listing DOS country condition reports as an ex *686 ample of what was intended by the term “official documents” in the regulation). Indeed, this Court has encouraged the BIA to view applicants’ claims in light of current country conditions. See Berishaj v. Ashcroft, 378 F.3d 314, 331 (3d Cir.2004). Under the regulations, Izquierdo should have anticipated that the BIA could take notice of recent country conditions in rendering its decision.
In sum, Izquierdo bore the burden of demonstrating the existence of a pattern or practice of persecution of gay men in Peru. The BIA concluded that the objective evidence was insufficient and, as a result, Izquierdo failed to meet that burden. We have closely reviewed the record and conclude that it does not compel a contrary conclusion. See Elias-Zacarias, 502 U.S. at 481 n. 1, 112 S.Ct. 812. The BIA’s decision rests upon substantial evidence.
III. Conclusion
For the foregoing reasons, we will deny the petition for review.

. On appeal to the BIA, Izquierdo did not challenge the denial of protection under the CAT. Accordingly, he may not raise any issue concerning his CAT claim in his petition for review. See INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir.2005).

. Izquierdo does not challenge the denial of his asylum claim on the grounds that he did not apply within one year of arrival in the United States and failed to present extraordinary circumstances excusing the delay. See INA §§ 208(a)(2)(B), (D) [8 U.S.C. §§ 1158(a)(2)(B), (D)]. This Court would lack jurisdiction to entertain a challenge to that determination in any event. See INA § 208(a)(3) [8 U.S.C. § 1158(a)(3)]; Sukwanputra v. Gonzales, 434 F.3d 627, 633 (3d Cir.2006).

.Izquierdo also alleged past persecution based upon events in 2001, when he was an adult. According to Izquierdo, these were attacks and attempts at extortion led by the same cousin who had abused him as a child. The IJ found that Izquierdo’s testimony concerning these attacks was not credible and the BIA affirmed. Izquierdo does not dispute this conclusion.

. Izquierdo argues that follow up with police would have been futile. In support, he refers to his testimony that the police made him repeat his description of the abuse in a public area and demanded that he produce witnesses. While Izquierdo's testimony demonstrates some degree of police insensitivity, we disagree that it compels the conclusion that follow-up would have been "pointless.”

. Izquierdo also argues that the BIA erred by imposing a requirement that he should have reported the abuse when it occurred. We are sympathetic to the fact that Izquierdo was a child at the time, and agree that a contemporaneous report to authorities is not an absolute prerequisite. See Fiadjoe, 411 F.3d at 161. However, we disagree that the BIA imposed such an absolute requirement. Rather, we read the BIA’s decision as having considered Izquierdo's delay in reporting as relevant to determining whether Izquierdo met his burden to establish that police were "unable or unwilling to control” the abuse.

.In addition, because Izquierdo traveled to the United States and then returned to Peru in 2001, the BIA held that Izquierdo’s decision to return to Peru undermined his claim of a subjective fear of persecution. Izquierdo argues that his return to Peru does not undermine his claim because he is entitled to a rebuttable presumption of a fear of future persecution. Izquierdo is incorrect. An applicant must actually establish past persecution in order receive the benefit of the rebut-table presumption of a well-founded fear of future persecution. See Li v. Att'y Gen., 400 F.3d 157, 163 (3d Cir.2005).